Bradley S. Thomas (SBN 78946)
**MASON • THOMAS**
Attorneys at Law
2840 Fifth Street
Davis, CA 95618-7759
Telephone:   (530) 757-0883
Facsimile:    (530) 757-0895
E-mail:         Brad@masonthomas.com

Attorneys for Plaintiff
**STEVEN J. COLMAR**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J. COLMAR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JACKSON BAND OF MIWUK INDIANS, DBA JACKSON RANCHERIA CASINO, HOTEL & CONFERENCE CENTER, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>**(1)　BREACH OF 29 U.S.C. §§ 621-634: DISCRIMINATION BASED ON AGE;**<br>**(2)　BREACH OF CALIFORNIA GOVERNMENT CODE § 12940(a): DISCRIMINATION BASED ON AGE**<br>**(3)　WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　1.　　This is an action for damages for discrimination on the basis of age. This action arises under 29 U.S.C. §§ 621-634, known as the Age Discrimination in Employment Act of 1967 ("ADEA"), and California Government Code § 12940(a), known as the California Fair Employment and Housing Act.

///

## JURISDICTION AND VENUE

2. This court has jurisdiction over this lawsuit because the action arises under 29 U.S.C. §§ 621-634.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because defendant is located in the County of Amador, which is located within the Eastern District of California, Sacramento Division. Furthermore, a substantial part of the acts giving rise to this claim occurred in this district.

## PARTIES

4. Plaintiff STEVEN J. COLMAR (hereinafter referred to as "Plaintiff") is an individual who is a citizen of the State of California.

5. Defendant JACKSON BAND OF MIWUK INDIANS, DBA JACKSON RANCHERIA CASINO, HOTEL & CONFERENCE CENTER (hereafter referred to as "Defendant") is a business entity located in the County of Amador, State of California, and is owned and operated by the Jackson Rancheria Band of Miwuk Indians, a sovereign state.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed prior to filing this complaint.

## GENERAL ALLEGATIONS

7. In June of 2001, Plaintiff accepted employment with defendant. In March of 2002, Plaintiff interviewed for and accepted a transfer position to defendant's Human

Resources Department.

8. For the next five years, plaintiff was mentored and trained with the understanding that he would be promoted to Human Resources Vice President as soon as the then-current Human Resources Vice President, James Curley, retired.

9. In August of 2007, Mr. Curley retired, and plaintiff was promoted to the Human Resources Vice President. Under this new title, plaintiff was earning a salary of more than $125,000.00 per annum.

10. Plaintiff's qualifications for Human Resources Vice President include a Bachelor's Degree in Business Administration, more than 30 years of relevant work experience prior to his employment with defendant, as well as approximately five years of on-the-job training that he received prior to Mr. Curley's retirement.

11. Additionally, during his employment with defendant, plaintiff worked toward earning a Master's Degree in Human Resource Management, which was conferred on May 24, 2008.

12. Throughout the course of his employment with defendant, plaintiff performed his job duties in a highly satisfactory manner, and never received a negative performance evaluation, nor did he receive any form of disciplinary action from defendant.

13. On April 8, 2008, plaintiff turned 60 years old. Plaintiff is informed, believes, and thereon alleges that prior to this milestone, defendant, through its agents and employees, mistakenly believed that plaintiff was younger than 60 years old.

14. On May 23, 2008, defendant terminated plaintiff's employment.

15. Soon after May 23, 2008, defendant replaced plaintiff with Jason Zysman, who became the new Human Resources Vice President. Plaintiff is informed, believes, and thereon alleges that Mr. Zysman was approximately 30 years old at the time he replaced plaintiff. Plaintiff further believes and alleges that Mr. Zysman had little or no relevant experience prior to accepting the Human Resources Vice President position, and his educational background was limited to a high school diploma.

## **FIRST CLAIM FOR RELIEF**

## **(Discrimination Based on Age in Violation of 29 U.S.C. §§ 621-634)**

16. Plaintiff hereby incorporates by reference Paragraphs 1 through 15 of this complaint as if fully set forth herein.

17. Defendant has breached its statutory and self-imposed duties owed to plaintiff under Federal law, specifically the ADEA, 29 U.S.C. §§ 621-634.

18. Defendant's termination of plaintiff's employment solely due to his age, and his replacement with an individual approximately one-half of plaintiff's age, were discriminatory.

19. Plaintiff is a member of the class entitled to protection under these Code sections, in that he is over 40 years old. Plaintiff is unable to pursue administrative remedies under the Equal Employment Opportunity Commission because defendant is owned and operated by a sovereign state, and therefore plaintiff cannot obtain a right-to-sue letter.

20. As a result of defendant's conduct and breach of the Code sections, plaintiff has suffered and will continue to suffer damages, the exact amount of which

has not yet been fully ascertained but is within the jurisdictional limits of this Court. Plaintiff is entitled to damages, and certain other incidental and consequential expenses and damages in an amount which will be shown at the time of trial.

WHEREFORE, plaintiff prays judgment against defendant as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (Discrimination Based on Age in Violation of California Government Code § 12940(a))

21. Plaintiff hereby incorporates by reference Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Defendant has breached its statutory and self-imposed duties owed to plaintiff under California law, including § 12940(a), of the California Government Code.

23. Defendant's termination of plaintiff's employment solely due to his age, and his replacement with an individual approximately one-half of plaintiff's age, were discriminatory.

24. Plaintiff is a member of the class entitled to protection under these Code sections, in that he is over 40 years old. Plaintiff is unable to pursue administrative remedies under the Department of Fair Employment and Housing because defendant is owned and operated by a sovereign state, and therefore plaintiff cannot obtain a right-to-sue letter.

25. As a result of defendant's conduct and breach of the Code sections, plaintiff has suffered and will continue to suffer damages, the exact amount of which has not yet been fully ascertained but is within the jurisdictional limits of this Court. Plaintiff is entitled to damages, and certain other incidental and consequential expenses

and damages in an amount which will be shown at the time of trial.

WHEREFORE, plaintiff prays judgment against defendant as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

### (Wrongful Discharge in Violation of Public Policy)

26. Plaintiff hereby incorporates by reference Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant wrongfully terminated plaintiff's employment without good, just, or legitimate cause. Furthermore, defendant's conduct in terminating plaintiff was in violation of express statutes and public policies, including the public policy that an employee should not be terminated due to his age.

28. As a result of defendant's conduct and wrongful termination of plaintiff, plaintiff has suffered damages, the exact amount of which has not yet been fully ascertained but is within the jurisdictional limits of this Court. Plaintiff is entitled to damages, general and special, including, but not limited to, lost wages, salary, bonuses, benefits, retirement time served credits, and certain other incidental and consequential expenses and damages in an amount which will be shown at the time of trial.

29. Additionally, plaintiff will continue to suffer future pecuniary losses. Plaintiff has also suffered inconvenience, mental anguish, and other nonpecuniary losses.

WHEREFORE, plaintiff prays judgment against defendant as hereinafter set forth.

### ATTORNEY FEES

30. Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C.

§§ 216(b) and 626(b).

**PRAYER**

WHEREFORE, plaintiff prays judgment against defendant as follows:

As to the First Claim for Relief:

1. For actual damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), the exact amount of which has yet to be ascertained;

2. For liquidated damages in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), the exact amount of which will be proven at trial;

3. For prejudgment and postjudgment interest in an amount to be proven at trial;

4. For reasonable attorney fees in an amount to be proven at trial;

5. For cost of suit;

6. For such other and further relief as this Court deems just and proper.

As to the Second Claim for Relief:

1. For special damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), the exact amount of which has yet to be ascertained;

2. For general damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00), the exact amount of which has

yet to be ascertained;

3. For punitive damages;

4. For interest on plaintiff's compensatory damages at the maximum rate allowed by law;

5. For reasonable attorney fees in an amount to be proven at trial;

6. For such other relief as this Court deems just and proper.

As to the Third Claim for Relief:

1. For special damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), the exact amount of which has yet to be ascertained;

2. For general damages in an amount in excess of One Hundred Thousand Dollars ($100,000.00), the exact amount of which has yet to be ascertained;

3. For punitive damages;

4. For interest on plaintiff's compensatory damages at the maximum rate allowed by law;

5. For reasonable attorney fees in an amount to be proven at trial.

6. For such other relief as this Court deems just and proper.

DATED: March 17, 2009.

**MASON • THOMAS**

By _____
Bradley S. Thomas
Attorney for Plaintiff
STEVEN J. COLMAR

8
COMPLAINT FOR DAMAGES