IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN J. COLMAR,

Plaintiff, No. CIV S-09-0742 DAD

v.

JACKSON BAND OF MIWUK INDIANS, DBA JACKSON RANCHERIA CASINO, HOTEL & CONFERENCE CENTER, ORDER

Defendant.

___________________________________/

This matter came before the court on August 14, 2009, for hearing of defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the parties having previously consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 9 and 10.) Attorney John Bridges appeared at the hearing telephonically on behalf of plaintiff Steven Colmar. Attorney Jill Peterson appeared for defendant Jackson Band of Miwuk Indians. Oral argument was heard and defendant's motion

/////

/////

/////

was taken under submission.[1] For the reasons set forth below, defendant's motion to dismiss will be denied.

PLAINTIFF'S COMPLAINT AND PROCEDURAL BACKGROUND

In his complaint filed with this court on March 17, 2009, plaintiff alleges as follows. Plaintiff was employed by defendant at Jackson Rancheria Casino, Hotel & Convention Center beginning in June of 2001. In March of 2002, plaintiff was interviewed for and accepted a position in the Human Resources Department. In August of 2007, plaintiff was promoted to Vice President of that department. Prior to becoming the Vice President of Human Resources, plaintiff had completed five years of on-the-job training, had more than thirty years of work experience, and had earned a Bachelor's Degree in Business Administration.[2] As Vice President of the Human Resources Department plaintiff performed his job duties in a highly satisfactory manner and never received a negative performance evaluation, nor was he the subject of any disciplinary action. On April 8, 2008, plaintiff turned sixty years old, although plaintiff believes that defendant mistakenly thought that he was younger. On May 23, 2008 defendant terminated plaintiff's employment and soon thereafter replaced him as Vice President with an employee thirty years younger, who had little or no relevant experience and a limited education.

Based on these factual allegations, plaintiff claims that the defendant unlawfully discriminated against him based on his age in violation of 29 U.S.C. §§ 621-634.[3] ("Compl."

/////

[1] The undersigned apologizes to the parties for the delay in resolving this motion. Due to clerical error, the motion did not until recently appear on the court's Civil Justice Reform Act reports as submitted for decision. The court subsequently learned that counsel had inquired as to the status of the motion. However, the court was also unaware of those inquiries until recently.

[2] On May 24, 2008, plaintiff received his Master's Degree in Human Resource Management.

[3] Plaintiff and defendant have previously stipulated to the dismissal of plaintiff's claims for violation of California Government Code § 12940(a) and wrongful discharge in violation of public policy. (Doc. No. 19.) Pursuant to that stipulation, those claims were dismissed. (Doc. No. 20.)

(Doc. No. 1) at 2-5.)[4]

On May 22, 2009, defendant filed the motion to dismiss now pending before the court. ("MTD" (Doc. No. 8.)) Plaintiff filed an opposition to that motion on June 23, 2009. ("Opp'n." (Doc. No. 13)) Defendant filed a reply on July 2, 2009. ("Reply" (Doc. No. 15.))

ARGUMENTS OF THE PARTIES

Defendant seeks dismissal of plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this court lacks jurisdiction over the subject matter of this suit and that plaintiff has failed to state a cognizable claim upon which relief can be granted. Specifically, defendant argues this court lacks jurisdiction because plaintiff never filed a charge with either the Equal Employment Opportunity Commission ("EEOC") or the California Department of Fair Employment and Housing ("DFEH") and therefore failed to exhaust his administrative remedies as required. Defendant also contends that because plaintiff failed to exhaust his administrative remedies he cannot state a cognizable claim for relief. (MTD (Doc. No. 8) at 3-7.)

In opposing defendant's motion, plaintiff alleges that he did file a claim of discrimination with the EEOC. In this regard, plaintiff contends that on May 27, 2008, he prepared and sent an intake questionnaire to the EEOC regarding defendant's alleged discrimination against him on the basis of age. He also asserts that during the first week of June 2008, he received a telephone call from an EEOC representative informing him that the EEOC did not have jurisdiction over Indian Tribes, that the EEOC would not be corresponding with plaintiff in light of their lack of jurisdiction over the matter and advising plaintiff that he should consult an attorney. (Opp'n. (Doc. No. 13) at 2.)

In reply, defendant argues that plaintiff's mere submission of an Intake Questionnaire to the EEOC, does not constitute a valid administrative charge of discrimination.

---

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Defendant also argues that because the EEOC determined that it had no jurisdiction, no valid charge could be filed by plaintiff with the EEOC. Defendant asserts that the filing of a valid charge with the EEOC is a statutory prerequisite to plaintiff filing suit under the ADEA. Finally, defendant argues that even if plaintiff's submission of the Intake Questionnaire constituted the filing of a valid EEOC charge, he was obligated to file this lawsuit within ninety days after learning that the EEOC had terminated its proceedings in response to his submission. Accordingly, defendant asserts that this action is time-barred because plaintiff waited nearly 300 days before filing his complaint in this action after being told by the EEOC that they lacked jurisdiction to act. (Reply (Doc. No. 15) at 2-9.)

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, the issue is whether the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003), Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may

review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

Alternatively, when a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Safe Air for Everyone, 373 F.3d at 1039; Thornhill Publ'g Co., 594 F.2d at 733. Under such a factual attack, the "dispute [concerns] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. In the case of such a factual attach, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When deciding a factual challenge to subject matter jurisdiction, the court may only rely on facts that are not intertwined with the merits of the action. Safe Air for Everyone, 373 F.3d at 1039. Finally, when a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.[5]

The purpose of a motion to dismiss brought pursuant to Rule 12(b) (6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff is required to allege "enough facts to state a

---

[5] The nature of defendant's jurisdictional attack in this case is not entirely clear and defendant does not identify its nature. In initially moving to dismiss defendant appeared to focus on the allegations of the complaint in arguing that plaintiff had failed to allege exhaustion. However, in replying to plaintiff's argument that he had exhausted his administrative remedies to the extent possible, defendant suggests that subject matter jurisdiction is lacking because plaintiff is precluded from exhausting his claim. This reply argument comes close to attacking the existence of subject matter jurisdiction in fact. Nonetheless, it would appear that at its core defendant's motion is aimed at the allegations of the complaint and thus Rule 12(b)(6) safeguards apply.

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Exhaustion of Administrative Remedies

As noted above, defendant moves to dismiss on the grounds that the court lacks jurisdiction over this action because plaintiff failed to exhaust his administrative remedies. (MTD (Doc. No. 8) at 3-5.)

The Age Discrimination in Employment Act of 1967 ("ADEA") provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d). Here plaintiff completed and submitted an "Equal Employment Opportunity Commission Intake Questionnaire" on May 27, 2008. (Pl.'s Decl. (Doc. No. 14) at 8.) Therein, plaintiff complained that he was terminated by defendant solely due to his age and was then forced to sign an agreement that he would not pursue a claim that his rights under the ADEA had been violated in order to receive any monetary separation package. (Id. at 6.) Defendant argues that plaintiff's Intake Questionnaire does not constitute the filing of a valid EEOC charge as required under 29 U.S.C. § 626(d). (Reply (Doc. No 15) at 3.)

The issues presented by the pending motion are unique and not at all straightforward.[6] The court finds the decision in Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008) somewhat instructive. In that case the plaintiffs were 14 former and current Federal Express ("FedEx") couriers who had filed suit in the U.S. District Court claiming violations of the ADEA. 552 U.S. at 394. Defendant FedEx had moved to dismiss the complaint, arguing that the plaintiff in question had failed to file a valid charge with the EEOC as required by 29 U.S.C. § 626(d). Id. The plaintiff countered that she filed a valid charge by submitting an Intake Questionnaire along with an attached affidavit describing the alleged discriminatory employment practice. Id. The district court determined that those documents did not constitute the required EEOC charge and granted the motion to dismiss. Id. The Second Circuit Court of Appeals reversed and the United States Supreme Court granted certiorari to consider whether the EEOC filing in question constituted a valid charge. Id.

The Supreme Court in Holowecki noted that the plaintiff had not only filed a completed Intake Questionnaire that included all the pertinent information required by the regulations applicable to an EEOC charge, but had also submitted a six-page affidavit asking the EEOC to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of Best Practice/High-Velocity Culture Change." 552 U.S. at 405. The Supreme Court found that this cited language could properly be construed as a request for the agency to act and thus concluded that the plaintiff's filing constituted a valid charge for purposes of satisfying the applicable exhaustion requirement. (Id. at 405-07.) In so holding, the Supreme Court

[6] Curiously, defendant has specifically reserved the right to challenge this court's subject matter jurisdiction over plaintiff's ADEA claim on the basis of tribal sovereign immunity (MTD (Doc. No. 8) at 8), choosing to instead focus initially on its arguments that plaintiff failed to exhaust his administrative remedies and that this action is time-barred. Defendant has not advised the court whether, as part of a compact with the State of California, an administrative process with respect to claims of discrimination in the operation of its gaming business was agreed to. On the other hand, counsel for plaintiff has cited little authority in support of his equitable arguments in opposition to the pending motion to dismiss.

observed that for a filing with the EEOC to qualify as a valid charge:

> In addition to the information required by the regulations, *i.e.,* an allegation and the name of the charged party, . . . it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

Holowecki, 552 U.S. at 402.

Unlike the plaintiff in Holowecki, here plaintiff did not attach an affidavit to the Intake Questionnaire he submitted to the EEOC. Moreover, a reading of his Intake Questionnaire finds that plaintiff did not request therein that the EEOC take act on his behalf. Instead, plaintiff merely provided the information required by the form. Were this the entire record before the court, defendant's argument that plaintiff's filing of his Intake Questionnaire did not constitute the filing of a valid charge might be well-taken. However, shortly after plaintiff filed his Intake Questionnaire he was notified by the EEOC that the agency would take no further action with respect to his claim because the EEOC lacked jurisdiction over Indian tribes. (Pl.'s Decl. (Doc. No. 14) at 2.)[7] Plaintiff was not advised that his filing was deficient, needed to be amended or that his claim was meritless, but was instead simply told that the EEOC would take no further action because the agency lacked the jurisdiction to do so.[8]

In this respect, plaintiff was foreclosed from filing a valid charge of discrimination by the EEOC. As a result of the apparent determination that it lacked jurisdiction over the defendant based on plaintiff's Intake Questionnaire, the EEOC essentially prevented plaintiff from proceeding any further than he did with that agency. The court will only observe that the EEOC's response may be questioned, since it is unclear based upon the factual record

---

[7] As noted above, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

[8] As also previously noted, defendant has reserved the right to challenge this court's subject matter jurisdiction over plaintiff's ADEA claim based on tribal sovereign immunity. It was upon this ground that the EEOC apparently effectively rejected plaintiff's intake questionnaire, declined to take further action and suggested that plaintiff consult an attorney.

currently before the court whether the ADEA might apply in this case. See Solis v. Matheson, 563 F.3d 425, 437 (9th Cir. 2009) (holding that Fair Labor Standards Act applied to a retail store located on Indian reservation and that the Secretary of Labor was authorized to enter onto the reservation to locate records to enforce the Act's requirements); EEOC v. Karuk Tribe Housing Authority, 260 F.3d 1071, 1079-80 (9th Cir. 2001) (holding that the ADEA did not apply to an employment relationship between the Karuk Tribe Housing Authority, a tribal governmental employer, and a tribe member because it touched "on purely internal matters related to the tribe's self-governance."); Fla. Paraplegic Ass'n, Inc. v. Miccosukee Tribe of Indians of Fla., 166 F.3d 1126, 1129 (11th Cir.1999) (holding that ADA's public accommodation requirements could apply to restaurant and gaming business run by an Indian tribe because the business did "not relate to the governmental functions of the Tribe, nor d[id] it operate exclusively within the domain of the Tribe and its members"); Cano v. Cocopah Casino, No. CV-06-2120-PHX-JAT, 2007 WL 2164555, at *3 (D. Ariz. July 25, 2007) (granting plaintiff, an employee of an Indian casino alleging employment discrimination, leave to amend his complaint because the employer-casino did not appear to touch on any exclusive rights of self-governance by the tribe in purely intramural affairs, so that the ADEA might apply).

Defendant also contends that because the EEOC determined that it lacked jurisdiction, plaintiff cannot file a valid administrative charge of discrimination and thus is barred from bringing this civil action. However, "[t]he EEOC's failure to address a claim asserted by the plaintiff in [his] charge has no bearing on whether the plaintiff has exhausted [his] administrative remedies with regard to that claim." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002) (citing Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997)). Ordinarily, the specific claims made in the district court must be presented to the EEOC. Albano v. Schering-Plough Corp., 912 F.2d 384, 385 (9th Cir. 1990); see also Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation.").

The district court does, however, have subject matter jurisdiction "over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" B.K.B., 276 F.3d at 1100 (quoting EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994) (emphasis in the original)). The court must "consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." Id. at 1100. Nonetheless, "the EEOC's failure to investigate a claimant's discrimination claim and to promote informal conciliation does not bar a claimant from bringing suit in federal court." Albano, 912 F.2d at 387. See also Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 544 (7th Cir. 1988) ("EEOC's failure to act on a charge, however, does not bar a person from maintaining an ADEA action"); Waters v. Heublein, Inc., 547 F.2d 466, 468 (9th Cir. 1976) (a "plaintiff is not barred from bringing suit by the EEOC's allegedly incomplete investigation or less than vigorous attempts at conciliation").[9]

Moreover, "[i]t is well-settled that the failure to file an EEOC charge is not jurisdictional but is merely a condition precedent to suit." Albano, 912 F.2d at 387. See also Leong, 347 F.3d at 1122. Because the filing of a timely EEOC charge is not a jurisdictional prerequisite but instead merely a condition precedent to filing suit, it is subject to equitable considerations such as waiver, estoppel and tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Josephs v. Pacific Bell, 443 F.3d 1050, 1061 (9th Cir. 2006); Albano, 912 F.2d at 387. Such equitable considerations apply, for instance, where a claimant fails to comply with the ADEA's requirement that his or her civil claims are limited to those "like or reasonably related to" his or her EEOC charge of discrimination. See Albano, 912 F.2d at 387 ("We hold the equitable considerations may excuse a claimant's noncompliance with the scope requirement,

---

[9] The same basic standards are applicable to both the ADEA and Title VII cases. See Albano, 912 F.2d at 386 n.1 (citing Kauffman v. Sidereal Corp., 695 F.2d 343, 346 n.1 (9th Cir. 1982); see also McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 358 (1995) ("The ADEA and Title VII share common substantive features and also a common purpose").

and resulting failure to exhaust administrative remedies, when the EEOC improperly refuses to amend the claimant's timely EEOC charge."); see also Rodriguez v. Airborne Express, 265 F.3d 890, 901-02 (9th Cir. 2001) (grant of summary judgment for employer on failure to exhaust grounds reversed where genuine issue of material fact existed as to whether the plaintiff was misinformed or misled by the administrative agency when pursuing his administrative discrimination claim in pro se, thereby causing him to fail to exhaust his administrative remedies).

Here, there is no dispute as to whether plaintiff's Intake Questionnaire was timely filed or whether the description of the alleged discriminatory conduct found therein satisfied the ADEA's scope requirement. Plaintiff filed his Intake Questionnaire just days after the alleged discriminatory employment termination occurred. In that questionnaire plaintiff presented the EEOC with the same allegation he asserts here - specifically, that on May 23, 2008, defendant terminated his employment solely because of his age and replaced him with a younger and less qualified employee. Plaintiff was thereafter advised by EEOC that the agency lacked jurisdiction over his complaint of discrimination, that the EEOC would take no further action in response thereto and that he should seek legal counsel. At that point, plaintiff had substantially complied with the with the exhaustion requirement and had done so to the extent possible. To hold otherwise would frustrate the ADEA's remedial goals. See 29 U.S.C. § 621; Albano, 912 F.2d at 388 ("a finding that equities fall in favor of . . . the employer, and against . . . age discrimination plaintiff, is contrary to the ADEA's remedial goals"); Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981) ("The ADEA is remedial and humanitarian legislation and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment.") (quoting Dartt v. Shell Oil Co., 539 F.2d 1256 (10th Cir. 1976), aff'd by equally divided court, 434 U.S. 99 (1977)).

Finally, defendant argues that pursuant to 29 U.S.C. § 626(e), plaintiff was required to file his complaint in this court within ninety days of being informed by the EEOC that

the agency was not taking any further action in response to his Intake Questionnaire. (Reply (Doc. No. 15) at 7-8.)

Title 29 U.S.C. § 626(e) provides that:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such *notice*.

(emphasis added). The EEOC's regulations provide that the contents of the agency's notice of dismissal or termination referred to above shall include:

> (1) A copy of the charge;
>
> (2) Notification that the charge has been dismissed or the Commission's proceedings have otherwise been terminated; and
>
> 3) Notification that the aggrieved person's right to file a civil action against the respondent on the subject charge under the ADEA will expire 90 days after receipt of such notice.

29 CFR § 1626.17.

Here, plaintiff was merely advised over the telephone that the EEOC lacked jurisdiction over his complaint of discrimination, that the agency would take no further action in response thereto and that he should seek legal counsel. Plaintiff did not receive a copy of his Intake Questionnaire or, more importantly, notification regarding his right to file a civil action within ninety days of the EEOC's communication. It is certainly not apparent that the EEOC intended the June 2008 telephone call with plaintiff to serve as the "notice" contemplated under 29 U.S.C. § 626(e) and 29 CFR § 1626.17. Even if, however, the EEOC intended the June 2008 telephone call to constitute plaintiff's notice of the agency's dismissal or termination of his complaint, the EEOC failed to follow its own regulations with respect to the required contents of that notice. Under these circumstances, plaintiff should not be penalized for any such failure on the part of the EEOC. See White v. Dallas Independent School Dist., 581 F.2d 556, 562 (5th Cir.

1978) ("We think that the EEOC's failure to follow its own regulations sufficiently misled [plaintiff] and that their mistakes should not redound to her detriment.")

For these reasons, and based upon the present record, the court finds that plaintiff's complaint was not subject to the ninety-day limitation period set out in 29 U.S.C. § 626(e) and 29 CFR § 1626.17. Instead, the filing of plaintiff's complaint in this action was subject to 29 U.S.C. § 626 (d)(1)(B), which provides that a civil action may be commenced within 300 days after the occurrence of the alleged unlawful practice. Plaintiff timely filed his complaint in this case just prior to the expiration of that 300-day limitation period.

Accordingly, defendant's motion to dismiss plaintiff's claim for failure to exhaust his administrative remedies is denied.[10]

II. Failure to State a Claim

Defendant also argues that plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. Specifically, defendant contends that because plaintiff failed to exhaust his administrative remedies he cannot state a cognizable claim under the ADEA. (MTD (Doc. No 8) at 5-7.)

"The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, makes it unlawful for an employer to discriminate against any employee 'because of' that individual's age, § 623(a)." Gross v. FBL Financial Services, Inc., ___U.S. ___, ___, 129 S. Ct. 2343, 2353-52 (2009). A plaintiff may establish a prima facie claim of disparate treatment on the basis of age by demonstrating that he was "(1) at least forty years old; (2) performing his job satisfactorily; (3) discharged; and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th

---

[10] This order is without prejudice to defendant moving to dismiss again on these same grounds based upon a more developed factual record (see Safe Air for Everyone, 373 F.3d at 1039) or based on tribal sovereign immunity.

Cir. 2008) (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000)). Further, a plaintiff must demonstrate "that age was the 'but-for' cause of the employer's adverse decision." Gross, 129 S. Ct. at 2350.

Above, the court has concluded that it cannot be said on this record that plaintiff failed to exhaust his administrative remedies to the extent possible. Moreover, plaintiff has alleged in his complaint that he is over forty years old; that prior to his termination he was performing his job satisfactorily; that he was discharged; and that he was replaced with a substantially younger employee with inferior qualifications. (Compl. (Doc. No. 1) at 3-4.) Plaintiff has therefore stated a cognizable claim of discrimination due to disparate treatment on the basis of age. Accordingly, defendant's motion to dismiss for failure to state a cognizable claim is denied.

CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's May 22, 2009 motion to dismiss (Doc. No. 8) is denied; and

2. Defendant is directed to file an answer or otherwise respond to plaintiff's complaint within thirty days of the date of this order.

DATED: March 31, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
orders.pro se/colmar742.mtd